GIBSON REFRIGERATOR COMPANY, RESPONDENT, v. SAM BRODY ET AL., TRADING AS PASSAIC FURNITURE COMPANY, APPELLANTS.

Submitted May term, 1929—Decided July 15, 1929.

Before Justices PARKER, BLACK and BODINE.

For the appellants, *Spindel & Berr.*

For the respondent, *Milton M. Richmond.*

PER CURIAM.

This suit was brought in the Passaic District Court to recover the sum of $350 on a book account for refrigerators sold and delivered. The case was tried by the court, without a jury, resulting in a judgment for the plaintiff for $292.91.

The appeal is by "Ida Berg, trading as Passaic Furniture Company;" and this appellant was neither named originally as a defendant nor brought in by process, nor, so far as we observe, did she enter an appearance.

The defendants named in the summons and state of demand were "Sam Brody, Max Brody, first name being fictitious and unknown, and Mary Brody, name being fictitious and unknown, partners, trading as Passaic Furniture Company." The return to the summons shows that it was served

on Samuel Brody, but apparently not on anyone else. At the trial it developed that the real party in interest was neither Sam Brody nor Max Brody, who seem to have been employes, and as to whom a nonsuit was properly entered, but was Ida Berg, who was not served at all, and was not even named as a defendant, unless by a stretch of the imagination Mary Brody, fictitious, may be said to indicate Ida Berg. It further appeared that there was no partnership of any kind. Notwithstanding the utter absence of any regular procedure to bring Ida Berg into court and charge her as the purchaser of the refrigerators, the judge ordered an amendment bringing her in as a defendant, and proceeded to enter judgment against her forthwith, over the protest and exception of counsel objecting in her behalf.

It may well be that Ida should be held liable in a proper case in which she is duly summoned to answer; but the foregoing action of the court below strikes us as altogether irregular and unwarranted, and for this reason the judgment must be reversed.